# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| WILLIAM FRANKLIN, MD, TOTH ENTERPRISES II, P.A. D/B/A VICTORY MEDICAL & FAMILY CARE, DIAGNOSTIC GESTALT, LLC, SHARON SHEPARD, NP, KATHERINE KELLER, DO, NATHAN PEKAR, MD, SARITA PRAJAPODY, MD, SHAWN AGENBOARD-ELANDER, NP, and BRITANI ADAMS, NP, | § § § § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Case No. 1:23-CV-00542 |
| JEAN-PAUL FORAGE, LEWIS NICHOLS, CLAY ELLIS, and LN PROFESSIONAL MANAGEMENT LLC, d/b/a MEDICAL MANAGEMENT PROFESSIONAL, and ALLIED LAB SOLUTIONS MANAGEMENT, LLC, | § § § § § § § § | |
| *Defendants* | § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule CV-16(d), and Appendix N to the Local Rules, Plaintiffs and Defendants (collectively referred to as "the Parties") hereby jointly submit this Joint Federal Rule of Civil Procedure 26 Report.

On January 10, 2024, the Parties conferred by email, previously having exchanged drafts of the required Report. The following attorneys participated:

- John J. E. Markham, II  on behalf of Plaintiffs;

- Ray Chester and Ian Davis on behalf of Defendants Jean-Pierre Forage, Lewis Nichols, LN professional Management LLC, d/b/a Medial Management Professional, and Allied Lab Solutions Management, LLC; and

- Jeffery J. Hobbs on behalf of Defendant Clay Ellis.

Based upon the information and topics addressed during the conference, the Parties now submit the following joint report with the parties each stating their contentions.

**1.   What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

For Plaintiffs: This case arises on claims that Defendants defrauded Plaintiffs of millions of dollars that were paid to Defendant LN Professional Management LLC dba Medical Management Professional ("MMP") by keeping those monies for Defendants rather than passing them on to Plaintiffs as they should have done, and thereafter lying to Plaintiffs by telling them that these monies had not been received and falsifying reports to make it falsely appear that these monies had not been received. Plaintiffs' First Amended Complaint alleges, in Counts 1 and 2, RICO violations under 18 U.S.C. §1962, the elements of which are "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Molina-Aranda v. Black Magic Enters., LLC*, 983 F.3d 779, 784 (5th Cir. 2020) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). Pursuant to the Court's Order dated December 18, 2023 (Dkt. 31), Plaintiffs' RICO claims in their derivative capacity have been dismissed. *See* Dkt. 31, at 11–12. Therefore, Plaintiffs' RICO claims are brought only in their individual capacities. *See id.*

Count 3 of the First Amended Complaint alleges breach of fiduciary duty against Ellis and Forage, the elements of which are: (1) a fiduciary relationship existed between the non-Gestalt Plaintiffs and Ellis and Forage; (2) Ellis and Forage breached their fiduciary duties to the non-Gestalt Plaintiffs; and (3) the breach injured the non-Gestalt Plaintiffs or benefitted Ellis or Forage. *Shallenberger v. Croghan Fam., LLC*, No. 7:18-CV-00055-M-BP, 2020 WL 10050771, at *5 (N.D. Tex. May 1, 2020). In its Order dated December 18, 2023 (Dkt. 31), the Court held that "[t]o the extent that Plaintiff Gestalt is bringing a breach of fiduciary claim against Defendants Ellis and Forage, its claim is dismissed." Dkt. 31, at 18. Thus, the breach of fiduciary claims against Forage and Ellis are brought by all Plaintiffs except for Gestalt.

Count 4 of the First Amended Complaint alleges fraud, the elements of which are: "(1) the Defendants made a material representation that was false; (2) the Defendants knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the Defendants intended to induce the Plaintiffs to act upon the representation; and (4) the Plaintiffs actually and justifiably relied upon the representation and suffered injury as a result. The fourth element has two requirements: the Plaintiffs must show that they actually relied on the Defendants' representation and, also, that such reliance was justifiable. *JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (internal citations and quotation marks omitted)." *CBE Grp., Inc. v. Lexington L. Firm*, 993 F.3d 346, 350 (5th Cir. 2021).

Count 5 of the First Amended Complaint alleges conversion; however, pursuant to its Order dated December 18, 2023 (Dkt. 31), the Court dismissed Plaintiffs' conversion claim as time barred. *See* Dkt. 31, at 18–19.

For the Defendants: The Defendants have denied all of Plaintiffs' claims and allegations, and have asserted the following affirmative defenses in their First Amended Answer: (1) all of Plaintiffs' claims are barred by the applicable statutes of limitations; (2) Plaintiffs lack standing to bring their RICO claims; (3) Plaintiffs who are the members of Allied lack capacity to assert their causes of action in either their individual or derivative capacities; (4) Plaintiffs have failed to state a claim for their causes of action under RICO and for breach of fiduciary duty and conversion; and (5) Plaintiffs' RICO claims are barred by Defendants' genuine belief that they provided or sent true information to Plaintiffs

**2.      Are there any outstanding jurisdictional issues?**

No.

**3.      For removed cases based on diversity jurisdiction:**

Not applicable.

   **a.      Do the Parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**
   **b.      If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?**

4. **Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

No.

5. **Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

No, not at this time; however, as the case progresses there may well be factual matters that will be stipulated.

6. **Are there any legal issues in this case that can be narrowed by agreement or by motion?**

This Court's order denying in part and granting in part Defendants' motion to dismiss under Rule 12(b)(6) clarified the legal issues in this case so that the case may now move forward with factual discovery.

7. **Are there any issues about preservation of discoverable information?**

None anticipated, but all the parties have been instructed by counsel not to discard or destroy any existing evidence related to this case.

8. **Are there any issues about disclosure or discovery of electronically-stored information? In what forms should electronically-stored information be produced and will production include metadata?**

Production should include meta data and electronically stored information should be produced electronically in its native form.

9. **What are the subjects on which discovery may be needed?**

For Plaintiffs, they will seek discovery of bank records showing exactly how much money Defendants received from various local hospitals for the lab services work done

by Defendant MMP and Plaintiffs, a substantial amount of which they allege was due to Plaintiffs. This includes bank and internal records of such payments to MMP. Plaintiffs will also seek written and electronically stored communications between Plaintiffs relating to issues in this case and will seek the depositions of Defendants, the persons knowledgeable at the banks MMP used to deposit monies received from the participating rural hospitals and thereafter transfer the monies involved as well as depositions possibly of third parties (banks, MMP's accountants, and persons knwlegeable at the Participating Rural Hospitals) which have knowledge of the monies involved and depositions of the hospitals which paid to MMP or other Defendants the monies involved.

    Defendants intend to seek discovery regarding the following subjects: (1) contention interrogatories regarding Plaintiffs' allegations and legal theories; (2) the factual basis of Larry Palmer's affidavit; (3) the events and circumstances surrounding the preparation and execution of Larry Palmer's affidavit; (4) the factual basis of Steven Kuehler's affidavit; (5) the events and circumstances surrounding the preparation and execution of Steven Kuehler's affidavit; (6) the factual basis for Plaintiffs' allegations regarding alleged underpayments; (7) information regarding the specific representations that Plaintiffs allege form the basis of their fraud claims; (8) the legal and factual basis of Plaintiffs' allegation that "[b]ecause Allied, through various of its members, performed all the services under the Service Agreement and was paid for those services, it assumed the rights and duties specified under the Service Agreement belonging to Allied Lab Solutions Management, LLC" (Dkt. 14, at 17); (9) the legal and factual basis of Plaintiffs' allegation that "MMP was obligated to pay 55% of the monies received by

MMP . . . once some minor costs were deducted by MMP for costs it had incurred on the processing of the lab work" (Dkt. 14, at 20); (10) the factual basis of Plaintiffs' allegation that Ellis, Nichols and MMP "enlisted Defendant Forage to join in this scheme and to further it . . ." (Dkt. 14, at 26); (11) the "false monthly reports" referenced in paragraph 87 of the First Amended Complaint; (12) the 222 separate wire communications referenced in paragraph 93 of the First Amended Complaint; (13) the legal and factual basis of the non-Gestalt Plaintiffs' allegation that a fiduciary relationship existed between them and Forage/Ellis; (14) information regarding Gestalt's ownership interest in MMP and when such ownership interest ceased; (15) the facts and circumstances supporting Plaintiffs' allegation that "Plaintiffs, through an attorney acting on behalf of all Allied members . . . specifically demanded that Forage . . . do what was necessary to bring an action on behalf of these Plaintiffs against these Defendants" (Dkt. 14, at 41); (16) the facts and circumstances surrounding Franklin and Dawson's fraudulent revival of Allied Lab Solutions Management, LLC; and (17) the facts and circumstances surrounding the non-Gestalt Plaintiffs' execution of "Action by Written Consent of Shareholders of Allied Lab Solutions, LLC, Allied Lab Solutions Management, LLC" dated February 18, 2022. As the case progresses, Defendants reserve the right to seek discovery on additional subjects.

10. **Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

Yes.

11. **What, if any, discovery has been completed? What discovery remains to be done, and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

All of the discovery referred to in answer to paragraph 9, above, still needs to be done; one third-party subpoena has already been served by Plaintiffs on MMP's principal bank, Comerica Bank, seeking account statements of MMP during the relevant time frame, 2016 through 2022.

Defendants intend to depose Larry Palmer, whose conclusory and suspiciously vague affidavit appears to be the basis of Plaintiffs' entire lawsuit (it is attached as an exhibit to Plaintiffs' Original and First Amended Complaints). Thereafter, Defendants intend to depose each of the nine Plaintiffs, as well as non-parties Kelly Dawson and Mark Collmer, both of whom played a role in the fraudulent reinstatements of Allied and ALS Management.

12. **What, if any, discovery disputes exist?**

None thus far.

13. **Have the Parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?**

No.

14. **Have the Parties discussed early mediation?**

For Plaintiffs, they believe that early mediation would be a good idea provided that Plaintiffs have obtained all of the bank records so that the amount of money received by MMP and the other Defendants can be clarified. Such clarification will inform everyone about whether or not any monies due Plaintiffs from those received from the

involved hospitals should have been paid over to Plaintiffs, or rather as Defendants contend, show that no money is due Plaintiffs. Once that clarification is provided, Plaintiffs believe the case should definitely be subject to mediation.

Defendants are confident that, following the deposition of Larry Palmer (the aforementioned disgruntled former accountant of MMP), the sworn statements in Palmer's affidavit (*i.e.* the basis upon which Plaintiffs filed suit) will be discredited as false and Plaintiffs' entire lawsuit will fail. Until Palmer is deposed and the factual misstatements from his affidavit are exposed, Defendants do not view mediation as a productive step; however, following the deposition of Palmer, Defendants are willing to explore the possibility of mediation.

15. **Have the Parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention.**

The Parties intend to settle on a confidentiality and protective order. As of now, there are no other scheduling or discovery items requiring the Court's attention.

Dated: January 11, 2024

Respectfully submitted,

| **MARKHAM READ ZERNER LLC** | **MCGINNIS LOCHRIDGE LLP** |
|---|---|
| */s/ John J.E. Markham, II* | */s/ Ray Chester* |
| John J.E. Markham, II (MA Bar No. 638579) | Ray Chester (Bar No. 04189065) |
| 11A Commercial Wharf West | Ian Davis (Bar No. 24120793) |
| Boston, Massachusetts 02110 | 1111 W. 6th Street, Bldg. B, Ste. 400 |
| Tel: (617) 523-6329 | Austin, TX 78703 |
| Fax: (207)790-8050 | 512.495.6000 (telephone) |
| jmarkham@markhamreadzerner.com | 512.495.6093 (telecopier) |
| *Counsel for Plaintiffs (Pro Hac Vice)* | rchester@mcginnislaw.com |
| | idavis@mcginnislaw.com |

*Counsel for Defendants Jean-Pierre Forage, Lewis Nichols, LN Professional Management LLC, d/b/a Medical Management Professional, and Allied Lab Solutions, Management, LLC*

**GERMER BEAMAN & BROWN PLLC**

*/s/ Ryan C. Bueche*
Ryan C. Bueché (Bar No. 24064970)
One Barton Skyway
1501 South Mopac Expressway, Suite A400
Austin, Texas 78746
(512) 472-0288
(512) 472-0721 Fax
rbueche@germer-austin.com
*Local Counsel for Plaintiffs*

**ARMBURST & BROWN, PLLC**

*/s/ Jeffery J. Hobbs*
Jeffery J. Hobbs (Bar No. 20412837)
100 Congress Avenue, Suite 1300
Austin, TX 78701
512-435-2300 Telephone
512-435-2360 Fax
jhobbs@abaustin.com
*Counsel for Defendant Clay Ellis*