UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WILLIAM FRANKLIN, MD, TOTH ENTERPROSES II, P.A. d/b/a VICTORY MEDICAL & FAMILY CARE, DIAGNOSTIC GESTALT, LLC, SHARON SHEPARD, KATHERINE KELLER, DO, NATHAN PEKAR, MD, SARITA PRAJAPATI, MD, SHAWN AGENBROAD-ELANDER , NP, and BRITTANI ADAMS, NP,<br><br>*Plaintiffs*,<br><br>vs.<br><br>JEAN-PAUL FORAGE, LEWIS NICHOLS, CLAY ELLIS, LN PROFESSIONAL MANAGEMENT LLC, d/b/a MEDICAL MANAGEMENT PROFESSIONAL and ALLIED LAB SOLUTIONS MANAGEMENT, LLC,<br><br>*Defendants*. | Case No. 1:23-CV-00542 |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO AMEND SCHEDULING ORDER AS TO EXPERT DISCOVERY ONLY [AMENDED]**

Defendants file this Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] and respectfully show the Court as follows:

**I.
INTRODUCTION AND SUMMARY**

The lead plaintiffs in this lawsuit, William Franklin and Toth Enterprises II, P.A. (collectively, "Franklin"), commenced this litigation over three and a half years ago. It

started with a state court lawsuit in Travis County, Texas, in which Franklin asserted claims involving the same payment disputes present in this federal action. To avoid an adverse ruling, Franklin nonsuited those claims the day after a hearing on Defendant Clay Ellis's no-evidence motion for summary judgment. Franklin went on to assert the same claims in another state court lawsuit, only to again nonsuit those claims before re-packaging them as a federal civil RICO action in this proceeding.

The tortured history of Plaintiffs' claims is pertinent to their request for a more-than-three-month extension of the expert deadlines, after this lawsuit has been on file since last May. Plaintiffs and their attorneys have had ample time to seek discovery from Defendants and third parties relevant to their claims, both during the pendency of this action and in their prior, abandoned state-court lawsuits. And, they waited until just *four days* before their expert designation deadline to first raise their request for an extension. Plaintiffs' motion fails to demonstrate good cause to support the extension.

For those reasons and others discussed below, Defendants respectfully request that the Court deny Plaintiffs' motion.

## II.
## ARGUMENT AND AUTHORITIES

**A.  Plaintiffs Have Not Shown Diligence in Seeking the Discovery Allegedly Needed for Their Expert Witness.**

Rule 16(b)(4) permits a court to modify a scheduling order "only for good cause."[1]  FED. R. CIV. P. 16(b)(4).  "The good cause standard requires the 'party seeking relief to show that the deadlines cannot be reasonably met despite the diligence of the party needing the extension.'"  *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).  Plaintiffs have not demonstrated diligence in seeking the additional discovery they claim is needed for their expert designation.

1. **Plaintiffs have had ample opportunity to seek discovery on their claims in prior state-court lawsuits.**

Franklin first commenced litigation over this lab services payment dispute in 2020 with the state court lawsuit styled *Toth Enterprises II, P.A., et al., v. Clay Ellis, et al.*, No. D-1-GN-20-003469 in the 201st District Court, Travis County, Texas, first suing Clay Ellis ("Ellis"), then adding Lewis Nichols ("Nichols") and LN Professional Management, LLC ("LN"), also defendants in this federal action.[2]  After that case languished for over two years, Ellis filed a no-evidence motion for summary judgment and set it for hearing on September 13, 2022. The day after the hearing ,Franklin nonsuited his claims before the judge could rule.[3]

---

[1] Plaintiffs' *Opposed* Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] ("Motion") [Dkt. 38] at 5.
[2] Exhibit 1, Plaintiffs' First Amended Original Petition in No. D-1-GN-20-003469.
[3] Exhibit 2, Notice of Remote Hearing on the Central Docket; Exhibit 3, Notice of Nonsuit Without Prejudice.

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 3 of 13**

Franklin then asserted those same claims against Ellis, Nichols, and LN in a Knox County, Texas state court action.[4] The district court in that case later transferred those proceedings to Travis County, where Franklin again nonsuited those claims.[5]

Plaintiffs conveniently ignore that in the prior lawsuits, they had more than three years to seek the discovery they claim is needed in this case. Instead, they cast aspersions on Defendants for not providing them with voluminous financial information voluntarily.[6] Defendants, of course, were under no obligation to do so. But in any event, Defendants' unwillingness to voluntarily provide that information only underscores Plaintiffs' duty to seek that through formal discovery.

**2.   Plaintiffs had the opportunity to seek discovery in this case while Defendants' motion to dismiss was pending.**

Plaintiffs acknowledge their delay in commencing discovery in this lawsuit, and offer an unavailing excuse for it. They hypothesize that due to the pendency of Defendants' Rule 12(b)(6) motion to dismiss, "[Defendants] would be opposing discovery and seeking a stay until their motion was resolved expecting the claims to be dismissed."[7] Plaintiffs' speculative assertion is not supported by any evidence (because none exists).

---

[4] Exhibit 4, ALS Defendants' Answer, Counterclaim and Cross-Claim in *Knox County Hospital District v. Toth Enterprises et al*, Cause No. 10301; In the District Court of Knox County, Texas 50th Judicial District.
[5] Exhibit 5, Order Sustaining Motion to Transfer Venue in Cause No. 10301; In the District Court of Knox County, Texas 50th Judicial District; Exhibit 6, Franklin's Notice of Nonsuit in Cause No. D-1-GN-001095; In the District Court of Travis County, Texas 98th Judicial District.
[6] Motion [Dkt. 38] at n.2; Declaration of John J.E. Markham, II in Support of Plaintiffs' Motion to Amend Scheduling Order as to Expert Discovery Only ("Markham Dec.") [Dkt. 38-1] at ¶ 8-10.
[7] Markham Dec. [Dkt. 38-1] at ¶ 11. *See also* Motion [Dkt. 38] at n. 4 ("Plaintiffs anticipated that Defendants would fight discovery while their motion to dismiss was pending.").

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 4 of 13**

But more importantly, Plaintiffs' supposed belief that Defendants could stall discovery during the six months while the motion to dismiss was pending is not supported by case law.[8]  *See, e.g., Dexon Computer, Inc. v. Cisco Sys., Inc.*, No. 5:22cv53-RWS-JBB, 2022 WL 22375187, at *1 (E.D. Tex. Sept. 7, 2022) ("There is no basis in the Federal or Local Rules for a court to stay discovery pending a ruling on a motion to dismiss or a motion to transfer venue."); *360 Mortg. Group, LLC v. LoanCare LLC*, No. 1:18-CV-332 RP, 2018 WL 6272034, at *2 (W.D. Tex. 30, 2018) ("While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise.").

Aside from their misguided reliance on the pending motion to dismiss, Plaintiffs also overlook the fact that they failed to submit a proposed scheduling order within the deadline required by the Local Rules.  W. D. Tex. Local Rule CV-16© ("Not later than 60 days after any appearance of any defendant, the parties shall submit a proposed scheduling order to the court in the form described in subdivision (a).")  That deadline fell on August 21, 2023.[9]  Yet the proposed scheduling order was not submitted until November 30, 2023, after the Court had advised the parties of the delay.[10]

---

[8] Defendants filed two motions to dismiss, their original motion on June 22, 2023, and an amended motion on July 26, 2023 following the Plaintiffs' amendment of their complaint.  Defendants' Motion to Dismiss [Dkt. 11]; Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Dkt. 15].  The Court ruled on the motion to dismiss on December 18, 2023.  Order [Dkt. 31].

[9] August 21, 2023 is 60 days after Defendants made their first appearance and filed their answer on June 22, 2023.  Defendants' Original Answer [Dkt. 12].

[10] Order [Dkt. 22].  Defendants recognize that the obligation to submit a proposed scheduling order under the Local Rules falls on all parties.  However, this is **Plaintiffs'** lawsuit—after they filed and abandoned the same claims in prior proceedings—and in requesting modification of the scheduling order, it is **Plaintiffs'** burden to show that they exercised diligence.  Even if Plaintiffs ask the Court to excuse their

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 5 of 13**

Additionally, Plaintiffs surely understood the scope of discovery they might need to support their civil RICO allegations when they agreed to the proposed scheduling order in late 2023. Yet, knowing they had voluntarily elected to delay the discovery process for several months, they agreed to the March 15, 2024 expert designation deadline without reservation.

Moreover, the motion to dismiss was still pending when Plaintiffs agreed to the March 15, 2024 expert designation deadline. As Plaintiffs contend (incorrectly), they could not engage in discovery while the motion to dismiss was pending. But, under their own reasoning, Plaintiffs would have known they needed more time to designate experts when they signed off on the scheduling order because at that time they had no idea when the Court would rule on the motion. Yet they raised no issue or concern with any of the deadlines.

And, further compounding their self-inflicted delay, once the Court issued its scheduling order on December 11, 2023, Plaintiffs waited a month and a half before serving Defendants with requests for production.[11]

Plaintiffs' specious excuses go further. They claim that they served subpoenas to third-party hospitals in February 2024, but have yet to receive the requested documents.[12] Plaintiffs have known about these hospitals for years (and at a minimum,

---

failure to pursue discovery because they supposedly thought the Defendants might oppose discovery until the Court ruled on the motion to dismiss, they still offer no explanation or evidence why they did not pursue the entry of a scheduling order sooner as required by the Local Rules.

[11] Markham Dec. at ¶ 14 (confirming that Plaintiffs served requests for production on January 26, 2024).

[12] Motion [Dkt. 38] at 5. Interestingly, this is the first time Defendants have learned of these supposed subpoenas, as Plaintiffs did not comply with the notice requirements under FRCP 45.

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 6 of 13**

since this RICO lawsuit was filed[13]), yet make no attempt to explain why they didn't serve the subpoenas many months ago. This further demonstrates a lack of diligence.

Whatever excuse Plaintiffs offer, they had the opportunity to pursue discovery—whether through requests to Defendants or third-party subpoenas—well before the Court ultimately signed the proposed scheduling order on December 11, 2023 and ruled on the 12(b)(6) motion on December 18, 2023.[14]  Their strategy of inaction in light of that opportunity is not diligence.  *Beattie v. Madison County Sch. Dist.*, 254 F.3d 565, 606 (5th Cir. 2001) ("[A] party suspends discovery at his own risk.").

### 3. Plaintiffs waited until four days before their expert designation deadline to request modification of the scheduling order.

Finally, underscoring Plaintiffs' lack of diligence, they waited until four days before their expert witness designation deadline to first claim a need for an extension.[15] As one court noted in addressing a similar belated request—

> [T]he fact that counsel waited until the deadline to seek an extension certainly does not aid his case.  "The filing of a request for an extension on the final day of the time period does not . . . provide good cause for an extension of the deadline.  To the contrary, it is evidence of being remiss in one's duties."

*Shemendera v. First Niagra Bank N.A.*, 288 F.R.D. 251, 253 n.3 (W.D.N.Y. 2012) (quoting *Bruce v. County of Rensselaer*, No. 02-CV-0847, 2003 WL 22436281, at *2 (N.D.N.Y. Oct. 20, 2003)).[16]

---

[13] Complaint [Dkt. 1] at ¶ 51 (referencing Glen Rose, Knox County Hospital and Stephens Memorial).
[14] Scheduling Order [Dkt. 28]; Order [Dkt. 31].
[15] Exhibit 7, March 11, 2024 e-mail from Bridget Zerner.

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 7 of 13**

**B.     Plaintiffs Do Not Explain How the Discovery They Claim Is Lacking from Defendants Is Relevant To Their Expert's Opinions.**

In addition to their lack of diligence, Plaintiffs don't articulate what additional financial or other information is lacking from Plaintiffs, and how that is relevant to their expert's opinions.  While they waited until January 26, 2024 to serve *any* discovery requests on Defendants, they attempt to blame Defendants on their own delays by claiming "Defendants are withholding certain documents."[17]  However, Plaintiffs do not identify any withheld documents that were (1) not included with Defendants' document productions, and (2) are supposedly needed for their expert to finalize his or her opinions. In fact, Plaintiffs have never even notified Defendants of any alleged discovery deficiencies.

**C.     Extending the Expert Deadlines and Other Potential Delays in this Case Will Prejudice Defendants.**

Finally, extending the deadlines for expert designations will prejudice Defendants.  Plaintiffs seek an extension of their designation deadline to July 26, 2024 and that of Defendants' to August 23, 2024.[18]  That modification has several adverse consequences.  First, it shortens Defendants' time to respond to Plaintiffs' expert

---

[16] Moreover, Plaintiffs did not even attempt to designate *any* expert witness by the existing March 15, 2024 deadline who might give opinions in support of their claims after review of some additional documents. They claim that "*our* expert is unable to complete and serve a report by March 15, 2024," but don't even offer the identify of that supposed expert, further casting doubt on their diligence. *See* Markham Dec. [Dkt. 38-1] at ¶ 18 (emphasis added).
[17] Motion [Dkt. 38] at 5.
[18] [Proposed] Amended Scheduling Order [Dkt. 38-2] at ¶ 5.

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 8 of 13**

designations and reports from 42 days to 28 days.[19]  Second, Plaintiffs' proposed expert designation deadline of July 26, 2024 is just four days before the close of discovery on July 30, 2024.  Given that Defendants would need to serve any discovery requests at least 30 days before the discovery deadline, Plaintiffs' proposed designation deadline of July 26, 2024 leaves virtually no time for Defendants to conduct additional fact discovery in response to Plaintiffs' expert report.

This delay in serving Plaintiffs' expert reports will also necessarily push back any deposition of Plaintiffs' expert, which in turn may affect Defendants' ability to file a motion for summary judgment by the September 15, 2024 dispositive motions deadline.

And, to the extent Plaintiffs' proposed modification of the exert designation deadlines affects the timing of discovery in this case, and possibly the resolution of Plaintiffs' claims at a trial (currently scheduled for January 27, 2025), such delay will extend what courts have recognized as the "stigmatizing effect" that Plaintiffs' RICO allegations cast over Defendants.  *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 650 (1st Cir. 1990); *JST Distrib. LLC v. CNV.com, Inc.*, No. CV 17-6264 PSG, 2018 WL 6113092, at *8 (C.D. Cal. March 7, 2018); *Rolle v. Houston*, No. CV-12-S-3313-NE, 2014 WL 1329568, at *8 (N.D. Ala. March 18, 2014); *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996).

And, Plaintiffs have exacerbated that stigmatizing effect by flying the banner of the Lawrence Palmer ("Palmer") declaration at every opportunity, from the

---

[19] *Compare* Scheduling Order [Dkt.] 28 at ¶ 5 (setting Plaintiffs' expert designation deadline at March 15, 2024 and Defendants' expert designation deadline at April 26, 2024).

aforementioned state court proceedings, to attaching it to their complaint in this case and extensively quoting it verbatim, and *yet again in their Motion*.[20] However, Palmer recently testified under subpoena in this case and categorically disavowed all of the material statements in that declaration, and disclosed the suspicious circumstances in which it was prepared by Kelly Dawson, one of Franklin's attorneys.[21] As Palmer's testimony best summarizes the legitimacy of his declaration—

> Q. I want to go back to the conversations between you and Kelly Dawson surrounding you signing this declaration, Exhibit 5. I know you said you sent him a one-page declaration that had no allegations of fraudulent accounting or skimming; right?
> A. That's – that's my memory. Yes.
> Q. Okay. Because there were none when you worked there; right?
> A. Correct.
>         MR. MILLER: Objection. Leading.
> BY MR. CHESTER
> Q. So did you convey any information to him at any time in any form that would support some of the things that he wrote in this declaration, such as fraudulent accounting, skimming, anything like that?
> A. No.
> Q. Okay. So he completely just made that up on his own; right?
> A. Yes.
> Q. Okay. Now when he sent you this declaration to sign under oath with things he had made up on his own, did he ask you if you had any documents to back up any of those accusations?
> A. No.
> Q. Did he ask you if there was anyone else at LN that would've been aware of the skimming that he could contact and get an affidavit from?
> A. No.
> . . .

---

[20] Plaintiffs' First Amended Complaint for Damages Caused by Defendants' Violations of Federal RICO Statute, Breach of Fiduciary Duties, Fraud, Conversion, and for an Accounting ("Complaint") [Dkt. 14] at ¶¶ 76-77; Unsworn Declaration of Larry Palmer [Dkt. 14-2]; Markham Dec. [Dkt. 38-1] at ¶¶ 21-23 and Exhibit A-1 (pleading in state court cause no. D1-GN-22-006595) at ¶¶ 22-23.
[21] Exhibit 8, Excerpts from Deposition of Lawrence D. Palmer at 27-30, 32-42, 69-71.

Q. Okay. And as far as the judge or jury that might be hearing this case, what would you say they should do in terms of relying on the truth and veracity of this declaration you signed.
A. ***I'd say not to rely on it.  Discard it***.[22]

Given the gravity of Plaintiffs' RICO allegations, supported by a false and dubiously-manufactured declaration, the delays caused by Plaintiffs' request to modify the scheduling order will continue to prejudice Defendants.

## PRAYER

WHEREFORE, Defendants request that the Court deny Plaintiffs' Motion. In the alternative, Defendants request that the Court extend the expert designation deadlines by no more than four weeks.[23]

---

[22] *Id*. at 69-71 (emphasis added).
[23] As Plaintiffs acknowledge in their Motion, Defendants consented to a two week extension of the expert deadlines, which Plaintiffs rejected. Motion [Dkt. 38] at 3.

**Defendants' Response to Plaintiffs' Opposed Motion to Amend Scheduling Order as to Expert Discovery Only [Amended] – Page 11 of 13**

Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey J. Hobbs* | */s/ Ray Chester* |
| **JEFFREY J. HOBBS** | **RAY CHESTER** |
| State Bar No. 24012837 | State Bar No 04189065 |
| **ARMBRUST & BROWN, PLLC** | **IAN M. DAVIS** |
| 100 Congress Avenue, Suite 1300 | State Bar No. 24120793 |
| Austin, Texas 78701 | **MCGINNIS LOCHRIDGE LLP** |
| Telephone (512) 435-2300 | 1111 West 6th Street, Suite 400 |
| Telecopier (512) 435-2360 | Austin, Texas 78703 |
| jhobbs@abaustin.com | Telephone (512) 495-6000 |
| **ATTORNEYS FOR DEFENDANT CLAY ELLIS** | Telecopier (512) 505-6372 |
| | rchester@mcginnislaw.ccom |
| | idavis@mcginnislaw.com |
| | **ATTORNEYS FOR DEFENDANTS JEAN-PAUL FORAGE, LEWIS NICHOLS, LN PRFESSIIONAL MANAGEMENT LLC d/b/a MEDICAL MANAGEMENT PROFFESSIONALS, AND ALLIED LAB SOLUTIONS MANAGEMENT, LLC** |

## CERTIFICATE OF SERVICE

   I hereby certify that on March 21, 2024 the above and foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

| | |
|---|---|
| Mark W. Collmer, Esq. | John J.E. Markham, II |
| COLLMER LAW GROUP | Bridget Zerner |
| 3700 Montrose | MARKHAM READ ZERNER LLC |
| Houston, Texas 77006 | One Commercial Warf West |
| mark@collmerlaw.com | Boston, Massachusetts 02110 |
| | jmarkham@markhamreadzerner.com |
| | bzerner@markhamreadzerner.com |

Ryan C. Bueche
rbueche@germer-austin.com
W. Paul Miller
wpm-svc@germer-austin.com
Germer Beaman & Brown PLLC
1501 S Mopac Expy, Ste. A400
Austin, Texas 78746
512.472.0288
512.472.0721 (fax)

*Attorneys for Plaintiffs*

Jeffrey J. Hobbs
State Bar No. 24012837
**ARMBRUST & BROWN, PLLC**
100 Congress Avenue, Suite 1300
Austin, Texas 78701
512-435-2300 Telephone
512-435-2360 Fax
jhobbs@abaustin.com

*Attorneys for Clay Ellis*

                __/s/ Ray Chester_____
                Ray Chester