# EXHIBIT 1

6/4/2021 6:33 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-20-003469
Alexus Rodriguez

Cause No. D-1-GN-20-003469

| | | |
|---|---|---|
| TOTH ENTERPRISES II, P.A., AND | § | IN THE DISTRICT COURT OF |
| WILLIAM FRANKLIN, M.D. | § | |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| CLAY ELLIS, et al., | § | |
| *Defendants* | § | 201st JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Toth Enterprises II, P.A., and William Franklin, M.D., Plaintiffs, complaining of Clay Ellis, Lewis Nichols, LN Professional Management, LLC, LN Professional Management LLC d/b/a Medical Management Professionals, Defendants, and for cause of action would show unto the Court as follows:

### Level of Case

1. Plaintiffs request that this case be considered a Level III case and that the Court enter a Docket Control Order under TRCP 190.4(a).

### Parties

2. Plaintiff Toth Enterprises II, P.A., is a Texas Corporation with its principal place of business in Travis County, Texas.

3. Plaintiff William Franklin, M.D., is an individual residing in Travis County, Texas, with a TDL XXXXX408, SSN xxx-xx-x193.

4. Defendant Clay Ellis is an individual residing at 303 Nautilus Avenue, Lakeway, Travis County, Texas 78738 where he may be served with service of process. Defendant Clay Ellis has a TDL XXXXX867 and SSN XXX-XX-XXXX (unknown).

5.      Defendant Lewis Nichols is an individual residing at 11908 Brookwood Road, Austin, Texas 78750 where he may be served with service of process. Defendant Nichols driver's license number and SSN are unknown.

6.      Defendant LN Professional Management, LLC is a Texas Limited Liability Company with corporate address of 13492 North Highway 183 Ste 120-413, Austin, Texas 78750-2252, and may be served with service of process on its registered agent and managing member Lewis Nichols, at the registered business address of 166 S. Belknap, Stephenville, Texas 76401 or upon the managing member on behalf of the Company at his address 11908 Brookwood Road, Austin, Texas 78750.

7.      Defendant LN Professional Management LLC d/b/a Medical Management Professionals is a Texas Limited Liability Company with corporate address of 13492 North Highway 183 Ste 120-413, Austin, Texas 78750-2252, and may be served with service of process on its registered agent and managing member Lewis Nichols, at the registered business address of 166 S. Belknap, Stephenville, Texas 76401 or upon the managing member on behalf of the Company at his address 11908 Brookwood Road, Austin, Texas 78750.

Jurisdiction and Venue

8.      Venue is proper under Texas Civil Practices and Remedies Code §§65.023, (county where defendant is domiciled), §15.002, et seq., (General Venue, County of Defendant's Residence, natural person), and §15.005 (Multiple Defendants). Defendant Clay Ellis, a natural person, is a resident of Travis County, Texas. Defendant Lewis Nichols, a natural person, is a resident of Travis County, Texas. The principal place of business of Defendant LN Professional Management LLC and Defendant LN Professional Management LLC d/b/a Medical Management Professionals is Travis County, Texas.

9.      Plaintiffs seek damages in excess of the minimum jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, the damages sought are within the jurisdictional limits of the Court. Plaintiffs seek monetary relief over $1,000,000.

Background Facts

10.     Plaintiffs Toth Enterprises II, P.A., and William Franklin, M.D., were/are members of Allied Lab Solutions, LLC ("ALS"). ALS was involved in providing certain management, administrative and/or marketing services to a another company, LN Management, aka LN Professional Management, LLC, and other services. LN Professional Management does business as Medical Management Professionals ("MMP"). MMP is involved in providing lab and billing services for various medical providers. ALS was operated under an "Amended and Restated Company Agreement of Allied Lab Solutions, LLC.

11.     Under the Agreement with Allied Lab Solutions, LLC, Plaintiffs are entitled to Allocations in accordance with their percentage ownership. Those Allocations are to be made at a minimum annually, but in practice were made more frequently.



12.     Allied Lab Solutions, LLC (ALS) has a "Board of Managers", as that term is defined in the Amended and Restated Company Agreement of Allied Lab Solutions ("the Agreement"). The Board of Managers "means the governing body of the Company, having all the rights, duties and powers of the managers of a limited liability company under the Law, subject to the terms of this Agreement." The Initial Board of Managers under the Agreement consisted of one entity, managed, governed and thus, controlled by Clay Ellis, to wit, Allied Lab Solutions Management, LLC (ALS Management).

13.     The business of Allied Lab Solutions, LLC, continued profitably from its inception. During 2019 or 2020, the exact date is unknown to Plaintiffs, Plaintiffs stopped receiving Allocations which would otherwise have been due. The business of ALS continued to be profitable except the monies were not given to their rightful owners, i.e., the Members of ALS.

14.     In 2019/2020, Clay Ellis commenced working directly for Defendant Nichols and LN Professional Managment, LLC and MMP. Soon thereafter, the funds given to MMP ceased being redistributed to ALS and its members.

15.     Rather than make the Allocations as provided for under the Agreement, Clay Ellis, and upon information and belief, Defendant Nichols, and the other Defendants herein, took funds of the Members of ALS, including Plaintiffs herein, and either absconded with them or diverted them to in an effort to hide the amounts and the fact that there were supposed to be distributed to members of ALS, including Plaintiffs.

16.     As part of this scheme to defraud and continuing to take funds which were not his but those of the Members of Allied Lab Solutions, LLC, Defendant Ellis took several steps to hide his actions, including:

    a.    Claiming that the company, Allied Lab Solutions, LLC, was going to take bankruptcy, and thus, not to expect any monies but this never happened;

    b.    Withholding any annual reports or monthly reports on funds received by Allied Lab Solutions, LLC;

    c.    Representing that the company was ceasing to do business and no more funds should be expected while continuing to accept funds on behalf of the company and then absconding with those funds;

    d.    Diverting funds which were properly those of Plaintiffs and other Members of Allied Lab Solutions, LLC, to himself;

    e.    Secreting the books and refusing to allow their inspection despite notice and demand to inspect the book and records of the corporation.

17.    By virtue of controlling, managing and governing Allied Lab Solutions Management, LLC, Clay Ellis had access to the books and records of Allied Lab Solutions, LLC, which is properly maintained would have revealed this conversion of funds of the Members of ALS.

18.    Upon information and belief, Defendant Ellis is actually in possession of those books or the computers containing this information and has refused to produce same.

19.    Under Section 8.2 of the Agreement, the officers of the Company, to wit, including Clay Ellis, as Managing Partner and Director of ALS, "subject to the oversight of the Board of Managers, shall keep the books of account and records relative to the Company's business." The Board of Managers consists of one entity, ALS Management, controlled solely by Clay Ellis. Therefore, the Board of Managers in essence provides no supervision over the officers of the Company since they are one in the same.

20.     Consequently, when demand was made on Clay Ellis to produce the books and records of the Company, he was obligated to produce the books and records for inspection. They were not to this date produced and their exact location and state remain unknown.

Actions of Defendants Nichols/LN Professional Management LLC/MMP

21.     Defendant Ellis was assisted in his actions by Defendant Lewis Nichols as well as Defendants LN Professional Management d/b/a Medical Management Professionals and LN Professional Management. In addition to the diversion of the funds to Clay Ellis, Lewis Nichols and the other Defendants participated in a scheme to defraud ALS and all members of ALS by, among other things:

1.  Falsely representing amounts collected by MMP which were to be paid to ALS and the members of ALS;

2.  Providing false documentation that no funds were being received when in fact millions of dollars were being received and simply diverted to Lewis Nichols and Clay Ellis rather than distributed to ALS and its members;

3.  Lying to Plaintiffs when asked about funds which were received in a continuing effort to hide the funds;

4.  Distributing funds which were properly those due to Plaintiffs to themselves and others.

22.     The specific amounts of the monies which are missing and were not delivered to Plaintiffs are unknown; however, some of the amounts from one source indicate that the missing amounts are at a minimum $3,043,177.34. The total amounts from all sources where funds were due to ALS and the members of ALS are believed to be many multiples of this.

23.     The total amount of these funds from the one source which were sent to MMP for which it is undisputed were not sent on the to subscribers, including Plaintiffs herein is $5,764,082.08. This represents 75% of the net received by Knox County Hospital District during this time. The gross to ALS and its subscribers would have been $3,074,177.11 with $3,043,435.34 to be distributed to the subscribers. With each unit having the value of 1/100th of that number of $30,434.35, Plaintiff William Franklin, M.D. has lost $91,303.06 (3 units) and Toth Enterprises II, P.A., has lost $2,556,485.69. Those are funds disbursed by Knox County Hospital District which never arrived to be held in trust for disbursing by ALS Management.

24.     This calculation is from one of several sources of funds to MMP which funds were to be distributed to Plaintiffs herein.

## CAUSES OF ACTION

25.     For each cause of action below, Plaintiffs incorporate by reference each of the preceding paragraphs as if set forth fully therein.

### Money Had and Received

26.     Defendants are liable to Plaintiffs for a claim for Money Had and Received.

27.     Defendant Ellis and the other Defendants have had access to funds which were the property of Plaintiffs. The exact amount of the funds is unknown but historically, the funds distributed were in the millions of dollars per year.

28.     Suddenly and mysteriously with no explanation, Defendants had no funds to distribute and Defendant Ellis refused to produce Books and Records in his possession for an accounting of those funds, their receipt and the net amounts which were the Allocations of the Members, including Plaintiffs herein.

29. The funds taken by Defendants, including Defendant Ellis and in their control should be returned to the Plaintiffs in equity and good conscience. Plaintiffs have the superior right to those funds.

30. Additionally, to the extent that any of the funds have been converted into other types of assets, including aircraft, real estate, or stock accounts, same should be forfeited to the Members of ALS, with the Allocation that should have been given to Plaintiffs returned to them. Plaintiff request that this Court enter and Order that Defendants deliver to Plaintiffs those funds.

Breach of Fiduciary Duty

31. Defendants had fiduciary duties to Plaintiffs. Defendants breached those duties, thereby proximately causing damages to Plaintiffs. Defendants all assisted in the breach of fiduciary duties owed to Plaintiffs and thereby proximately causing Plaintiffs' damages.

32. Defendant Ellis owed Plaintiffs a fiduciary duty not only as the officer and director of ALS. As the possessor of funds due and owing to members of ALS, he also owed Plaintiffs a fiduciary duty not only in the distribution of funds but to take no actions which would adversely affect members of ALS such as Plaintiffs.

Fraud, Fraudulent Inducement, and/or Negligent Misrepresentation

33. Defendants engaged in a pattern of fraud and/or negligent misrepresentations.

34. These material representations were false, which Defendants knew, or recklessly made without any knowledge of the truth thereof and Defendants failed to exercise reasonable care or competence in obtaining or communicating the information.

35. These statements were intended to induce Plaintiffs to act, or not act on, to preserve the viability and assets of due them until such time Defendants could wrongfully seize control of

Plaintiffs' assets and wrongfully distribute or secrete same.

36. Plaintiffs did, indeed, rely upon these material representations and suffered significant financial losses as a direct and proximate result of their reliance on these material misrepresentations.

## Conversion/Unjust Enrichment

37. Plaintiffs also sue for conversion and unjust enrichment.

## Breach of Contract

38. Plaintiffs also seek damages against Defendants for breach of contract including attorneys' fees both for direct contractual obligations due Plaintiffs as well as the third-party beneficiary of a contract specifically intended to benefit Plaintiffs.

## Civil Conspiracy/Joint and Several Liability

39. Defendants coordinated the diversion of funds, and the withholding of information and the provision of false information as to the amounts received that were properly to be distributed to Plaintiffs herein despite their being due and owing. The overt acts included diverting funds, assisting Defendant Clay Ellis in taking funds which were due to Plaintiffs, taking funds which were not due to Defendants herein and either keeping them for themselves or causing them to be diverted from their rightful owners. The damages to Plaintiffs from this unlawful diversion are in excess of $3,000,000+, as set forth herein above.

40. Defendants are jointly and severally liable for their participation in the conspiracy, regardless of when they participated. Accordingly, Plaintiff seeks all damages jointly and severally from each Defendant.

## Aiding and Abetting

41. Defendants committed the tortuous results described above. Defendants knew Defendants'

conduct constituted torts. Defendants' conduct constituted breaches of duty to Plaintiffs. Defendants' participation was a substantial factor in causing the torts and are therefore liable for such torts.

### Exemplary/Punitive Damages

42. The wrongful actions and omissions on the part of Defendants as set out above were committed intentionally and with malice. For these reasons and others, Plaintiffs are entitled to and hereby seek an award of punitive and/or exemplary damages as allowed by Texas law.

### Tolling of the Statute of Limitations

43. Defendants' conduct tolls the running of any statute of limitations. This tolling is continuing as Defendant Ellis, whether individually or in concert with the other Defendants, has refused to produce the Book and Records of ALS and continues to refuse to produce same. Withholding information, withholding the accounting, withholding information of the amounts received by ALS and thus, the Allocated amounts due, tolls the running of any statute of limitations, contractual or statutory.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court enter a Mandatory Order that Defendant return Plaintiffs' funds, and that this Court enter judgment against Defendants, jointly and severally, for actual damages, exemplary damages, attorneys' fees, and for such other and further relief, both at law and in equity, to which Plaintiffs may be entitled in the premises.

**COLLMER LAW GROUP**

By:   /s/Mark W. Collmer
      Mark W. Collmer
      State Bar No. 04626420

        Mark@collmerlaw.com
        3700 Montrose
        Houston, Texas 77006
        TEL:  (713) 337-4040
        FAX:  (713) 337-4044

        ATTORNEYS FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

    I do hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by electronic service on this 4th day of June 2021, in accordance with 21a of the Texas Rules of Civil Procedure.

        /s/Conrad B. Guthrie
        Conrad B. Guthrie

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Conrad Guthrie on behalf of Mark Collmer
Bar No. 4626420
funkydoctor.conrad@gmail.com
Envelope ID: 54131657
Status as of 6/7/2021 10:01 AM CST

Associated Case Party: Toth Enterprises II, P.A.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark W.Collmer | | mark@collmerlaw.com | 6/4/2021 6:33:31 PM | SENT |

Associated Case Party: William Franklin, M.D.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Conrad Guthrie | | conrad@collmerlaw.com | 6/4/2021 6:33:31 PM | SENT |

Associated Case Party: Clay Ellis

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jeff Hobbs | | jhobbs@abaustin.com | 6/4/2021 6:33:31 PM | SENT |

Associated Case Party: LN Professional Management, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jim Clements | | jim@clementsfirm.com | 6/4/2021 6:33:31 PM | SENT |