# EXHIBIT 4

Case 1:23-cv-00542-RP   Document 40-4   Filed 03/21/24   Page 2 of 9

Filed 5/26/2022 4:06 PM
Lisa Cypert
Combination Clerk
Knox County, Texas
By Lisa Cypert

Cause No. 10301

| | | |
|---|---|---|
| KNOX COUNTY HOSPITAL DISTRICT, § | | IN THE DISTRICT COURT OF |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | KNOX COUNTY, TEXAS |
| § | | |
| TOTH ENTERPRISES II, P.A., WILLIAM § | | |
| FRANKLIN, M.D., ALLIED LAB § | | |
| SOLUTIONS, LLC, ALLIED LAB § | | |
| SOLUTIONS MANAGEMENT, LLC, § | | |
| CLAY ELLIS, LEWIS NICHOLS, § | | |
| LN PROFESSIONAL MANAGEMENT, LLC, § | | |
| AND LN PROFESSIONAL MANAGEMENT § | | |
| LLC D/B/A MEDICAL MANAGEMENT § | | |
| PROFESSIONALS § | | |
| *Defendants* § | | 50th   JUDICIAL DISTRICT |

## ALS DEFENDANTS ANSWER, COUNTERCLAIM AND CROSS-CLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Allied Lab Solutions, LLC, Allied Lab Solutions Management, LLC, Toth Enterprises II, P.A., and William Franklin, M.D., Defendants herein, ("ALS Defendants") and would show as follows:

### GENERAL DENIAL

1.   ALS Defendants hereby assert a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendants respectfully request that the Plaintiff be required to prove the charges and allegations against Defendants by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

### COUNTERCLAIM and CROSSCLAIM

2.   ALS Defendants counterclaim against Plaintiff and cross-claim against the LN Partners Defendants for those funds in their entirety, and alternatively, that the Interpleader be granted until further dispositions by this Court.

3. ALS Defendants contend that they are entitled to the funds requested to be deposited. ALS Defendants do not contest that those funds should be deposited into the Registry of the Court pending further orders of the Court. However, ALS Defendants contend that they are entitled to the funds on deposit for the following reasons set forth below in this Cross-claim against Clay Ellis, Lewis Nichols, LN Professional Management, LLC, and LN Professional Management LLC d/b/a Medical Management Professionals[1]

4. ALS Defendants would show that prior distributions from Knox County Hospital District in the amount of a minimum $3,043,177.34 were absconded by the LN Defendants and not tendered as required to ALS Defendants.

5. Any contention by LN Partners to be entitled to those funds outside of a Court determination of the rightful recipient of those funds is merely giving those who took the monies wrongfully before another shot at doing it again.

6. For those reasons, Interpleader is an appropriate remedy and ALS Partners are the rightful recipient of those funds, which do not even collectively equal amounts due to them.

## Background Facts

7. ALS was involved in providing certain management, administrative and/or marketing services to a another company, LN Management, aka LN Professional Management, LLC, and other services. LN Professional Management does business as Medical Management Professionals ("MMP"). MMP is involved in providing lab and billing services for various medical providers. ALS was operated under an "Amended and Restated Company Agreement of Allied Lab Solutions, LLC.

---

[1] Clay Ellis, Lewis Nichols, LN Professional Management, LLC, and LN Professional Management LLC d/b/a Medical Management Professionals are collectively referred to as "LN Partners".

Copy from re:SearchTX

8. Under the Agreement with Allied Lab Solutions, LLC, Toth Enterprises II, P.A., and William Franklin, M.D., are entitled to Allocations in accordance with their percentage ownership. Those Allocations are to be made at a minimum annually, but in practice were made more frequently.

9. Allied Lab Solutions, LLC (ALS) has a "Board of Managers", as that term is defined in the Amended and Restated Company Agreement of Allied Lab Solutions ("the Agreement"). The Initial Board of Managers under the Agreement consisted of one entity, managed, governed and thus, controlled by Clay Ellis, to wit, Allied Lab Solutions Management, LLC (ALS Management).

<u>Monies sent from Knox County Hospital District begin to go missing</u>

10. During 2019 or 2020, the exact date is unknown to Plaintiffs, ALS Defendants stopped receiving Allocations which would otherwise have been due. The business of ALS continued to be profitable except the monies were not given to their rightful owners, i.e., the Members of ALS.

11. In 2019/2020, Clay Ellis commenced working directly for Defendant Nichols and LN Professional Managment, LLC and MMP. Soon thereafter, the funds given to MMP ceased being redistributed to ALS and its members.

12. As stated herein, beginning in 2019 or 2020, when Knox County Hospital District made distributions, LN Partners ceased forwarding funds due others and instead simply diverted them to personal use. All these actions were taken in concert and as part of a plan and scheme to defraud ALS Defendants.

13. The specific amounts of the monies which are missing and were not delivered to Plaintiffs are unknown; however, some of the amounts from just one source indicate that the missing amounts are at a minimum $3,043,177.34. The total amounts from all sources where funds were due to ALS and the members of ALS are believed to be many multiples of this.

14. ALS Defendants have some limited documentation; however, the total amount of the funds

Copy from re:SearchTX

from the Knox County Hospital District previously distributed to MMP for which it is undisputed were not sent on the to subscribers, including ALS Defendants is $5,764,082.08. This represents 75% of the net received by Knox County Hospital District during this time. The gross to ALS and its subscribers would have been $3,074,177.11with $3,043,435.34 to be distributed to the subscribers. LN Partners, including the individually identified and named LN Defendants Ellis and Nichols are believed to have diverted those missing funds to themselves. Regardless of how those funds were secreted, they never were tendered to their rightful owners at ALS Defendants.

Actions of LN Defedndants/Clay Ellis

15. Rather than make the Allocations as provided for under the Agreement, Clay Ellis, and upon information and belief, Defendant Nichols, and the other LN Defendants herein, took funds of the Members of ALS, including William Franklin, M.D., and Toth Enterprises II and either absconded with them or diverted them to in an effort to hide the amounts and the fact that there were supposed to be distributed to members of ALS as well as ALS.

16. As part of this scheme to defraud and continuing to take funds which were not his but those of the Members of Allied Lab Solutions, LLC, Defendant Ellis took several steps to hide his actions, including:

   a. Claiming that the company, Allied Lab Solutions, LLC, was going to take bankruptcy, and thus, not to expect any monies but this never happened;

   b. Withholding any annual reports or monthly reports on funds received by Allied Lab Solutions, LLC;

   c. Representing that the company was ceasing to do business and no more funds should be expected while continuing to accept funds on behalf of the company and then absconding with those funds;

Copy from re:SearchTX

  d.  Diverting funds which were properly those of Plaintiffs and other Members of Allied Lab Solutions, LLC, to himself;

  e.  Secreting the books and refusing to allow their inspection despite notice and demand to inspect the book and records of the corporation.

17. By virtue of controlling, managing and governing Allied Lab Solutions Management, LLC, Clay Ellis had access to the books and records of Allied Lab Solutions, LLC, which is properly maintained would have revealed this conversion of funds of the Members of ALS.

18. Ellis has refused to produce the books or the computers containing this information with varying stories as to what happened to them.

### Actions of Defendants Nichols/LN Professional Management LLC/MMP

19. Defendant Ellis was assisted in his actions by Defendant Lewis Nichols as well as Defendants LN Professional Management d/b/a Medical Management Professionals and LN Professional Management. In addition to the diversion of the funds to Clay Ellis, Lewis Nichols and the other Defendants participated in a scheme to defraud ALS and all members of ALS by, among other things:

  1.  Falsely representing amounts collected by MMP which were to be paid to ALS and the members of ALS;

  2.  Providing false documentation that no funds were being received when in fact millions of dollars were being received and simply diverted to Lewis Nichols and Clay Ellis rather than distributed to ALS and its members;

  3.  Lying to Plaintiffs when asked about funds which were received in a continuing effort to hide the funds;

  4.  Distributing funds which were properly those due to Plaintiffs to themselves and

Copy from re:SearchTX

others.

20. ALS LLC, and ALS Management, as managing entity for ALS, were in business with Defendants and additionally were entitled to receive funds not just for the members of ALS but also for ALS and ALS Management. They also seek all damages and payments that otherwise would have been paid to them and either kept as a percentage of funds for those entities but also for distribution to members of ALS, including Plaintiffs Toth Enterprises II, LLC, and William Franklin, M.D.

21. As stated herein above, the total amount of these funds from the one source which were sent to MMP for which it is undisputed were not sent on the to subscribers, including Plaintiffs herein is $5,764,082.08. This represents 75% of the net received by Knox County Hospital District during this time. The gross to ALS and its subscribers would have been $3,074,177.11 with $3,043,435.34 to be distributed to the subscribers.

22. ALS and ALS Management alternatively seek those unpaid funds.

23. Additionally, ALS and ALS Management seek expenses, costs and attorneys's fees for Defendants breach of contract in failing to forward funds to which ALS and ALS Management were entitled.

WHEREFORE, PREMISES CONSIDERED, Defendants Allied Lab Solutions, LLC, Allied Lab Solutions Management, LLC, Toth Enterprises II, P.A., and William Franklin, M.D., request that the funds be tendered to ALS Defendants and in the alternative that this Court grant the Interpleader and Discharge, and that upon final hearing, the Court award all funds on deposit or sought to be deposited to Defendants Allied Lab Solutions, LLC, Allied Lab Solutions Management, LLC, Toth Enterprises II, P.A., and William Franklin, M.D., and for such other and further relief, both at law and in equity, to which these Defendants may be entitled in the premises.

Copy from re:SearchTX

Respectfully Submitted,

/s/Lina Reyes Trevino
Lina Reyes Trevino
Attorney at Law
TBN  00788268
P. O. Box 11
Benjamin, Texas  79505
(940) 459-2241 - office
(940) 459-2022 - fax
(806) 778-8110 - cell

Collmer Law Group
/s/Mark W. Collmer
TBN 04626420
Collmer Law Group
3700 Montrose
Houston, Texas 77006
(713) 337-4040
(713) 337-4044 fax
Mark@collmerlaw.com

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by electronic service on this 26th day of May 2022, in accordance with 21a of the Texas Rules of Civil Procedure.

/s/Mark W. Collmer
Mark W. Collmer

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Conrad Guthrie on behalf of Mark Collmer
Bar No. 4626420
funkydoctor.conrad@gmail.com
Envelope ID: 64902572
Status as of 5/26/2022 4:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark W.Collmer | | mark@collmerlaw.com | 5/26/2022 4:06:48 PM | SENT |

Copy from re:SearchTX