# EXHIBIT B

# STATE BAR OF TEXAS



*Office of the Chief Disciplinary Counsel*

January 29, 2024                                    *Via Email to lnichols3458@gmail.com*

Lewis Nichols
11908 Brookwood Road
Austin, Texas 78750

Re:   Case No. 202204652 – [Lewis   Nichols]; *Commission for Lawyer Discipline v. Kelly Dawson; Before the 9-2 Evidentiary Panel of the State Bar District No. 9 Grievance Committee*

 Dear Mr. Nichols:

The Commission for Lawyer Discipline and Kelly Dawson, Respondent, have agreed to settle the above-referenced disciplinary matter.  The parties agreed that Respondent committed professional misconduct in violation of the Texas Disciplinary Rules of Professional Conduct.  Attached please find a copy of the fully executed Agreed Judgment of Probated Suspension.

On behalf of the State Bar of Texas and the  Commission for Lawyer Discipline, we thank you for your patience and cooperation. We appreciate your assistance in this important process. If you have any questions concerning this matter, please contact the undersigned at your earliest convenience.

Please scan the QR code below or go to https://cdc.texasbar.com/survey to complete our Disciplinary System Questionnaire, which gives us valuable feedback from those involved in the process.  We would appreciate you taking a moment to complete it.

Sincerely,



Richard Armstrong Huntpalmer
Assistant Disciplinary Counsel

RAH/tbg
Attachments:   Copy of Agreed Judgment of Probated Suspension
                        Questionnaire

**BEFORE THE DISTRICT 9 GRIEVANCE COMMITTEE**
**EVIDENTIARY PANEL 9-2**
**STATE BAR OF TEXAS**

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER** | § | |
| **DISCIPLINE,** | § | |
| **Petitioner** | § | |
| | § | |
| **V.** | § | 202204652 |
| | § | |
| **KELLY DAWSON,** | § | |
| **Respondent** | § | |

## AGREED JUDGMENT OF PROBATED SUSPENSION

### Parties and Appearance

On this day came to be heard the above styled and numbered cause. Petitioner and Respondent, Kelly Dawson, Texas Bar Number 24068025, announce that an agreement has been reached on all matters including the imposition of a Probated Suspension.

### Jurisdiction and Venue

The Evidentiary Panel 9-2, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 9, finds that it has jurisdiction over the parties and the subject matter of this action, and that venue is proper.

### Professional Misconduct

The Evidentiary Panel, having considered the pleadings, admissions, stipulations, and agreements of the parties, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure.

## Findings of Fact

Petitioner and Respondent agree to the following findings of fact.  Accordingly, the

Evidentiary Panel finds:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.
2. Respondent does not maintain a principal place of practice or residence within the State of Texas.
3. Complainant, Lewis Nichols, hired Respondent, Kelly Dawson, to represent his company, LN Professional Management ("LN"), a medical service provider under contract with Knox County Hospital District ("KCHD") from 2017-2021 to obtain funds owed to LN for laboratory services rendered to KCHD. The funds sought by LN were derived from insurance claims that Blue Cross Blue Shield of Texas ("BCBS-TX") had failed to pay to KCHD.
4. LN subcontracted some services to Allied Lab Solutions Management ("ALSM") which provided those services through Allied Lab Solutions I and II ("ALS"). ALSM managed and distributed insurance proceeds to ALS. From 2017-2018, ALSM's manager was Clay Ellis ("Ellis").
5. Before, during, and after his representation of LN, Respondent served as general counsel for a non-managing member of ALS, Toth Enterprises II, P.A. d/b/a Victory Medical & Family Care ("Victory"), whose managing member is Dr. William Franklin ("Franklin"). Victory, Franklin, and other non-managing members of ALS received a share of profits distributed by ALSM for services rendered.
6. In October 2017, KCHD hired Respondent to recover unpaid insurance claims owed by BCBS-TX and a lawsuit on KCHD's behalf was filed in Knox County, Texas in 2019. A court-ordered, confidential arbitration settled the suit in April 2022.
7. Prior to the 2022-settlement, the members and managers of LN, ALSM, and Victory privately disputed entitlement to the settlement funds. Attempting to resolve the dispute, Respondent acted as mediator between the parties on several occasions.  Respondent did not advise his clients of possible conflicts of interests or obtain their consent to the mutual representation of LN, Victory, and KCHD. Additionally, Respondent did not withdraw from the representation of any of his clients even after their interests in the settlement funds became adverse.
8. On July 2, 2020, Victory and Franklin sued Ellis in Travis County, asserting entitlement to a portion of any future settlement funds. Respondent is not listed as the attorney of record for any party. In February 2022, and again in April 2022, Respondent received correspondence (in his capacity as counsel for KCHD) from an attorney for Victory and Franklin and from an attorney for LN asserting entitlement to a portion of any proceeds realized from the lawsuit between KCHD and BCBS-TX and demanding that funds be deposited into the Travis County Court Registry. On May 23, 2022, Respondent unsuccessfully

attempted to place the settlement funds in the Knox County District Court's Registry by filing an interpleader lawsuit on behalf of KCHD against Complainant, LN, Franklin, Victory, ALSM, ALS, and Ellis.

9. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of $2,000.00.

## Conclusions of Law

Petitioner and Respondent agree that, based on the foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated. Accordingly, the Evidentiary Panel concludes that the following Texas Disciplinary Rules of Professional Conduct have been violated:  1.06(b)(1); 1.06(b)(2); 1.06(d); and 1.07(a).

## Sanction

It is AGREED and ORDERED that the sanction of a Probated Suspension shall be imposed against Respondent in accordance with the Texas Rules of Disciplinary Procedure.

Accordingly, it is ORDERED, ADJUDGED and DECREED that Respondent be suspended from the practice of law for a period of twelve (12) months, with the suspension being fully probated pursuant to the terms stated below. The period of probated suspension shall begin on March 1, 2024, and shall end on February 28, 2025.

## Terms of Probation

It is further ORDERED that during all periods of suspension, Respondent shall be under the following terms and conditions:

1. Respondent shall not violate any term of this judgment.
2. Respondent shall not engage in professional misconduct as defined by Rule 1.06(W) of the Texas Rules of Disciplinary Procedure.
3. Respondent shall not violate any state or federal criminal statutes.
4. Respondent shall keep State Bar of Texas membership department notified of current mailing, residence and business addresses, email address and telephone numbers.

5.   Respondent shall comply with Minimum Continuing Legal Education requirements.
6.   Respondent shall comply with Interest on Lawyers Trust Account (IOLTA) requirements.
7.   Respondent shall promptly respond to any request for information from the Chief Disciplinary Counsel in connection with any investigation of any allegations of professional misconduct.
8.   Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of $2,000.00. An initial payment of $400.00 shall be due and payable on or before March 1, 2024, and shall be made by certified or cashier's check, or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701). The remainder shall be paid in four (4) monthly installments due on or before the first of each month beginning April 1, 2024, and ending on July 1, 2024, as indicated below:

> $400.00 due on or before April 1, 2024
> $400.00 due on or before May 1, 2024
> $400.00 due on or before June 1, 2024
> $400.00 due on or before July 1, 2024

9.   In addition to complying with the Minimum Continuing Legal Education (MCLE) requirements of the State Bar of Texas, Respondent shall complete 6 additional hours of continuing legal education regarding conflicts of interest. These additional hours of CLE are to be completed February 28, 2025.
10.  Within ten (10) days of the completion of these additional CLE hours, Respondent shall verify completion of the course to the State Bar of Texas, via USPS: Office of the CDC, State Bar of Texas, P.O. Box 12487, Austin, TX 78711-2487; or via Delivery: Office of the CDC, State Bar of Texas, 1414 Colorado St., Suite 200, Austin, TX 78701.
11.  Respondent shall make contact with the Chief Disciplinary Counsel's Offices' Compliance Monitor at 512-427-1334 and Special Programs Coordinator at 512-427-1343, not later than seven (7) days after receipt of a copy of this judgment to coordinate Respondent's compliance.

## Probation Revocation

Upon information that Respondent has violated a term of this judgment, the Chief Disciplinary Counsel may, in addition to all other remedies available, file a motion to revoke probation pursuant to Rule 2.23 of the Texas Rules of Disciplinary Procedure with the Board of Disciplinary Appeals ("BODA") and serve a copy of the motion on

Respondent pursuant to Tex.R.Civ.P. 21a.

BODA shall conduct an evidentiary hearing. At the hearing, BODA shall determine by a preponderance of the evidence whether Respondent has violated any term of this Judgment. If BODA finds grounds for revocation, BODA shall enter an order revoking probation and placing Respondent on active suspension from the date of such revocation order. Respondent shall not be given credit for any term of probation served prior to revocation.

It is further ORDERED that any conduct on the part of Respondent which serves as the basis for a motion to revoke probation may also be brought as independent grounds for discipline as allowed under the Texas Disciplinary Rules of Professional Conduct and Texas Rules of Disciplinary Procedure.

<u>**Attorney's Fees and Expenses**</u>

It is further ORDERED that Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of $2,000.00. The initial payment of $400.00 shall be due and payable on or before March 1, 2024, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further ORDERED that all amounts ordered herein are due to the misconduct of Respondent, are assessed as a part of the sanction in accordance with Rule 1.06(Z) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid

amounts.

## Publication

This suspension shall be made a matter of record and appropriately published in

accordance with the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this 29th day of ____January____, 2024.

**EVIDENTIARY PANEL 9-2
DISTRICT NO. 9
STATE BAR OF TEXAS**

**Susan P. Burton
District 9-2 Presiding Member**

## AGREED AS TO BOTH FORM AND SUBSTANCE:

Kelly Dawson
State Bar No. 24068025
**Respondent**

Richard Huntpalmer
State Bar No. 24097857
**Counsel for Petitioner**

**Disciplinary System Questionnaire**

Your completion of this questionnaire is purely voluntary.  Any responses you provide will be used to improve the attorney disciplinary system in Texas.  Thank you for your participation.

1.  Are you a former client of the respondent lawyer? ___YES ___NO

2.  Was your grievance dismissed at the initial screening process? ___YES ___NO
    a.  If your grievance was dismissed, did you appeal the classification decision? ___YES ___NO
    b.  Did BODA reverse the dismissal? ___YES ___NO

3.  Did your grievance result in a sanction against the respondent lawyer? ___YES ___NO

4.  Was your grievance heard by: ___An Investigatory Panel ___An Evidentiary Panel ___A District Court

5.  If your complaint was heard by an investigatory or evidentiary panel, how would you describe your treatment by the investigatory or evidentiary panel?_____
    _____
    _____

6.  How long did it take to reach a conclusion about your grievance? ___less than 90 days ___90-179 days ___180-260 days ___more than 360 days

7.  Did your grievance involve a: ___CRIMINAL MATTER ___CIVIL MATTER

8.  If your matter was criminal in nature, was your attorney: ___APPOINTED ___HIRED

9.  If your matter was criminal in nature, did you receive a sentence that included jail or penitentiary time? ___YES ___NO

10.  Which regional office of the chief disciplinary counsel's office processed your grievance?
     ___Austin ___Dallas ___Houston ___San Antonio

11.  Did you ever talk with an employee of that regional office? ___YES ___NO

     a.  If so, did you talk with: ____staff ___an attorney ____both
     b.  What were the names of the employees that you spoke with?
     _____

12.  How would you describe your treatment by whomever you talked with?
     _____
     _____

13.  Do you believe the grievance system is fair? ___YES ___NO
     a.  If  you answered no, why do you think the system is unfair?
     _____
     _____

14.  Do you have any suggestions for improving the grievance system?
     _____
     _____

Return to:        Office of the Chief Disciplinary Counsel
                  State Bar of Texas
                  Post Office Box 12487
                  Austin, Texas  78711